UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-24206-KMM

PORFIRIO TAPIA BAUTISTA

    Plaintiff,

v.

THE DISCOUNT WAREHOUSE,
INC., RAPHAEL SHABTAI, and
CHANEL S SHABTAI,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM

THIS CAUSE is before the Court on Plaintiff Porfirio Tapia Bautista's Motion to Dismiss Counterclaim (ECF No. 16). Defendant Raphael Shabtai filed a Response (ECF No. 21) and Plaintiff filed a Reply (ECF No. 22). The matter is now ripe for review. For the reasons explained below, the Court now GRANTS the Motion.

**I.  BACKGROUND**

This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). In the Complaint, Plaintiff alleges that his former employer, The Discount Warehouse, Inc., failed to pay him overtime compensation. Compl. ¶ 15 (ECF No. 1). Defendants' Answer asserts the affirmative defense of setoff, and includes a counterclaim by Defendant Raphael Shabtai, a corporate officer of The Discount Warehouse, for breach of promissory note. Def.'s Answer (ECF No. 14). Shabtai alleges in the counterclaim that on June 5, 2015, Plaintiff executed and delivered to Shabtai a promissory note in the amount of $3,200. Def.'s Answer (ECF No 14). The counterclaim further alleges that Plaintiff failed to pay the note when it became due. *Id.*

Plaintiff now moves to dismiss Shabtai's counterclaim.

## II. DISCUSSION

Plaintiff argues that the Court should dismiss Shabtai's counterclaim because it lacks subject matter jurisdiction to hear the claim.

In general, a compulsory counterclaim falls within the supplemental jurisdiction of federal courts,[1] while a permissive counterclaim requires an independent jurisdictional basis. *Plant v. Blazer Fin. Servs. Of Georgia*, 598 F.2d 1357, 1359 (5th Cir. 1979) (citations omitted).[2] Here, there is no independent basis for jurisdiction over the counterclaim, as neither federal question nor diversity jurisdiction applies. Accordingly, the Court must dismiss the counterclaim if it is found to be permissive. *See East-Bibb Tiggs Neighborhood Assoc. v. Macon Bibb Planning & Zoning Comm'n*, 888 F.2d 1576, 1578 (11th Cir. 1989).

Rule 13 of the Federal Rules of Civil Procedure addresses counterclaims. Under Rule 13(a), a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claims and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). The Eleventh Circuit uses the "logical relationship" test to determine whether a counterclaim meets Rule 13(a)'s requirement. *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755

---

[1] Title 28 U.S.C. § 1367 provides, in relevant part:
> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[2] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in this circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

F.2d 1453, 1453 (11th Cir. 1985) (citation omitted). Under this test, a counterclaim is compulsory when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant." *Id.*

Shabtai's state law counterclaim for breach of promissory note does not meet the "logical relationship" test. Plaintiff's FLSA claim arises out of Defendants' failure to pay overtime compensation for the overtime hours Plaintiff worked at The Discount Warehouse. These facts do not give rise to Shabtai's counterclaim, which instead centers on Plaintiff's failure to pay a promissory note when due. In deciding whether Plaintiff failed to pay the note, the Court would not need to determine questions of fact similar to those of the FLSA case, such as Plaintiff's employment status and hours Plaintiff worked. Rather, the Court would focus on the elements of a state law breach of contract claim, including questions of contract formation and breach. Thus applying the "logical relationship" test to the facts in this case, the Court finds that the counterclaim does not arise out of the same transaction or occurrence as the FLSA claim. This conclusion is consistent with this Circuit's general reluctance to exercise supplemental jurisdiction over counterclaims in FLSA cases which are premised on agreements that do not implicate the number of hours worked or payment received. *See Leite v. Temron, Inc.*, No. 12-22118-CIV, 2012 WL 4049962 (S.D. Fla. Sept. 13, 2012) (declining jurisdiction over counterclaims for equitable estoppel and conversion); *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397 (S.D. Fla. Dec. 3, 2009) (declining jurisdiction over counterclaim for unpaid rent); *Nelson v. CK Nelson, Inc.*, No. 07-61416-CIV, 2008 WL 2323892 (S.D. Fla. June 2, 2008) (same).

Further, to the extent that Shabtai's breach of promissory note counterclaim seeks to support his affirmative defense of set-off, such a defense is inappropriate in the context of FLSA cases where the set-off will cause the plaintiff's wages to fall below the statutory minimum, and deprive the plaintiff of the "cash in hand" contemplated by the FLSA. *See Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds*, ("FLSA decrees a minimum unconditional payment and the commands of that Act are not to be vitiated by an employer, either acting alone or through the agency of a federal court."). Thus, courts in this Circuit have dismissed counterclaims or struck affirmative defenses where the set-off is not based on an overpayment or pre-payment of wages, but on an arrangement distinct from the employer's ordinary employment obligations. *Compare Perez v. South Florida Landscape Maintenance, Inc.*, No. 13-80620-CIV, 2014 WL 293774, at *3 (S.D. Fla. Jan. 23, 2014) (denying leave to add counterclaim involving breach of contract and conversion for plaintiff's failing to pay for a lawn mower as promised to defendant-employer), *and Fernandez v. Xpress Painting Corp.*, No. 12-21738-CIV, 2012 WL 3562255 (S.D. Fla. Aug. 17, 2012) (dismissing counterclaims for unjust enrichment and breach of contract alleging defendants provided loans, an airline ticket, and monthly rent to plaintiff), *with Rivero v. Lefeld & Son, LLC*, No. 13-81154-CIV, 2014 WL 2095219, at *4 (S.D. Fla. May 20, 2014) (denying motion to dismiss counterclaim alleging that plaintiff had received payment for hours he did not work). The instant matter does not involve a set-off against an overpayment of wages. Rather, it involves a separate arrangement between Plaintiff and Shabtai. Such a set-off would deprive Plaintiff of the overtime compensation he is allegedly entitled to under the FLSA. *See Nelson*, 2008 WL 2323892, at *3. Accordingly, the affirmative defense is improper and is stricken for insufficiency. *See* Fed. R. Civ. P. 12(f)(1); *Fernandez*, 2012 WL 3562255, at *4.

### III. CONCLUSION

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Dismiss Counterclaim (ECF No. 16) is GRANTED and that Defendants' affirmative defense of set-off is stricken.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of March, 2016.

                                        K. MICHAEL MOORE
                                      CHIEF UNITED STATES DISTRICT JUDGE

c:     All counsel of record